**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VANESSA JOHNSON-SHAVERS, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 04-666 (WHW) |
| | : | |
| MVM, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**Walls, Senior District Judge**

Defendant MVM, Inc. moves this court to dismiss this case with prejudice,  pursuant to

Fed.R.Civ.P. 41(b), based on plaintiff Vanessa Johnson-Shavers' failure to prosecute.  The

following circumstances are relevant to defendant's motion.  On September 13, 2004, the Court

was notified that plaintiff's attorney, Mandy R. Steele, had passed away on August 20, 2004.  By

letter, the office of plaintiff's attorney sought a stay in this proceeding to allow plaintiff a

reasonable period of time to obtain new representation.  Nearly a year later, on August 16, 2005,

Magistrate Judge Susan D. Wigenton ordered that the parties appear for a status conference on

October 3, 2005, and directed plaintiff to either appear on her own behalf or with new counsel.

During the period between her former counsel's death and October 3, 2005 plaintiff took no steps

to prosecute her case.

Plaintiff failed to appear at the October 3, 2005 Status Conference ordered by Judge

Wigenton.  On that same day, Judge Wigenton issued an Order to Show Cause setting a hearing

**NOT FOR PUBLICATION**

for November 30, 2005 to determine why plaintiff's complaint should not be dismissed for lack of prosecution.  Plaintiff appeared without counsel on November 30, 2005 at the Order to show Cause hearing, and explained to Judge Wigenton that she was attempting to find an attorney to take her case.  Based on plaintiff's representations, Judge Wigenton ordered that plaintiff retain counsel by January 30, 2006 or proceed *pro se*.  Judge Wigenton further ordered the parties to appear for yet another status conference on February 6, 2006.

No formal appearance was made by an attorney for plaintiff by January 30, 2006, and plaintiff failed to appear for the scheduled status conference on February 6, 2006.  At that conference, defendant moved for dismissal pursuant to Fed.R.Civ.P. 41(b).  Judge Wigenton issued a second Order to Show Cause why plaintiff's complaint should not be dismissed for lack of prosecution and set a hearing for March 16, 2006.  Plaintiff failed to appear for that Order to Show Cause hearing.

Based on plaintiff's conduct, and on the oral motion of defendant, Judge Wigenton issued a Report and Recommendation on March 16, 2006 recommending that this Court dismiss plaintiff's case based on her failure to prosecute. Plaintiff was given until March 30, 2006 to respond to the Court's Report and Recommendation, but no response was received.  Judge Wigenton's Report and Recommendation claims that the factors noted in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), weigh in favor of dismissing the case. While the Report and Recommendation does not analyze those factors in detail, this Court agrees that dismissal is appropriate for the following reasons.

**NOT FOR PUBLICATION**

Federal Rule of Civil Procedure 41(b) allows for dismissal when a plaintiff fails to prosecute his claim.[1]  The trial court has wide discretion in determining whether dismissal under Rule 41(b) is appropriate.  See Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988).  Indeed, the Supreme Court has recognized the importance of this discretionary function in order to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).  At the same time, the Court is aware of the Third Circuit admonition that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for [such] cases."  Poulis, 747 F.2d at 867-68 (citing Nat't Hockey League v. Metro. Hockey Club, Inc., 247 U.S. 639 (1976)).

The Third Circuit has established a list of factors, derived from Poulis, for a district court to consider when confronted with a motion to dismiss pursuant to Fed.R.Civ.P. 41(b):

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;

---

[1]  Rule 41(b) provides:

Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

**NOT FOR PUBLICATION**

>    (5) the effectiveness of sanctions other than dismissal, which entails an analysis of
>    alternative sanctions; and
>    (6) the meritoriousness of the claim or defense.

Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 (3d

Cir. 1994) (citing Poulis, 747 F.2d at 868).  Utilizing these guidelines, the Court will analyze

each factor, keeping in mind that they "[do] not provide a magic formula whereby the decision to

dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation."  Mindek v.

Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

It is clear that plaintiff is personally responsible for failing to appear at the scheduled

status conference on February 2, 2006 and the hearing on the Order to Show Cause on March 16,

2006.  There is no evidence to suggest that plaintiff did not receive notice of these required

hearings before Judge Wigenton.  Indeed, plaintiff was warned on more than one occasion that

her failure to prosecute could result in dismissal of her complaint.  While the Court recognizes

that plaintiff, acting *pro se*, is not held to the same stringent procedural standards as practicing

attorneys, she must still comply with the Court's orders and directives.  See, e.g., Fraser v. Pa.

State Sys. of Higher Educ., 1993 WL 456505, at *3 (E.D. Pa. Nov. 3, 1993) ("Although a pro se

plaintiff is entitled to some latitude, he is obligated to participate in discovery and to obey the

court's orders.").  The Court finds that plaintiff is personally responsible for failing to appear at

the Court ordered conferences and hearings, a factor that weighs in favor of dismissal.

In addition, it cannot be disputed that plaintiff's continued refusal to prosecute her case

and attend the conferences and hearings ordered by Judge Wigenton, prejudices defendant.  The

Court may presume prejudice where there is unreasonable delay.  See 9 Charles Alan Wright &

**NOT FOR PUBLICATION**

Arthur R. Miller, Federal Practice and Procedure § 2370 (2d ed. 1995).  Defendant here is unable

to prepare a defense and prepare for trial without information and participation from the plaintiff.

The Court finds that plaintiff's conduct prejudices defendant, which weighs in favor of

dismissing the complaint.

Plaintiff has also demonstrated a history of dilatoriness in prosecuting this matter.  While

plaintiff counsel's death in the fall of 2004 was unfortunate, the Court awarded plaintiff

significant time, nearly a year, to locate new counsel and required the parties to attend a status

conference after this period of time.  Plaintiff failed to appear.  Plaintiff later failed to appear at a

second scheduled status conference and did not appear to contest the Order to Show Cause on

March 16, 2006.  In addition, throughout this time plaintiff made no effort to take discovery or

communicate in any way with defense counsel.  This conduct in the aggregate demonstrates a

history of dilatoriness and this factor also weighs in favor of dismissal.

The fourth factor required by Poulis is whether plaintiff's conduct was in bad faith or

willful.  There is no allegation by defendant, nor does the record reflect, that plaintiff's actions

were undertaken in any manner that demonstrates willfulness or bad faith.  Plaintiff's failure to

appear at court scheduled hearings does not, standing alone, suggest such conduct.  The Court

cannot conclude at this time that this particular factor weighs in favor of or against dismissal.

The Court also finds that no alternative sanction to dismissal is appropriate.  Any

limitation on plaintiff's ability to take discovery at this point would essentially terminate her case

as the parties have not yet begun the discovery process.  Dismissal is especially appropriate under

**NOT FOR PUBLICATION**

this factor because plaintiff was repeatedly warned of the possibility that her failure to prosecute

could result in dismissal.  See Plant v. Chrysler Corp., 70 F.R.D. 35, 38 (D. Del. 1975).

The last Poulis factor requires the Court to examine the meritoriousness of plaintiff's

complaint.  This requires the Court to determine whether "the allegations of the pleadings, if

established at trial, would support recovery by the plaintiff or would constitute a complete

defense."  Poulis, 747 F.2d at 869-70.  Although plaintiff's complaint is bare of specific factual

allegations, it appears that she is alleging a violation of Title VII by defendant for discriminatory

termination and failure to promote based on her race and gender.  Considering plaintiff's

pleading on its face, the Court cannot say that her claims are without merit.

This Court is required to balance the above six factors, and no one factor is determinative.

See  Poulis, 747 F.2d at 868-70 (upholding dismissal based only on two factors).  On the whole,

the Poulis factors strongly point to dismissal in this case.  Indeed, only the possible

meritoriousness of plaintiff's claim weighs in favor of plaintiff, and that factor alone is not

sufficient to prevent dismissal.

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and

Recommendation and grants defendant's motion to dismiss with prejudice.


                                                                    **s/ William H. Walls**

                                                                    **William H. Walls, U.S.D.J.**