NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VANESSA JOHNSON-SHAVERS, | : : : | |
| Plaintiff, | : : | **OPINION** |
| v. | : : : | Civ. No. 04-666 (WHW) |
| MVM, INC., | : : : | |
| Defendant. | : : | |

**Walls, Senior District Judge**

Defendant MVM, Inc. (MVM) moves to dismiss this case for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b). Plaintiff Vanessa Johnson-Savers has not opposed the motion. Pursuant to Federal Rules of Civil Procedure 78, the Court decides this motion without oral argument. The motion to dismiss with prejudice is granted.

**BACKGROUND**

Plaintiff filed her Complaint on February 11, 2004. On August 27, 2004, MVM served Plaintiff with its first set of interrogatories and its first request for production of documents. Plaintiff never responded to those discovery requests. On September 13, 2004, the Court was notified that Plaintiff's attorney, Mandy R. Steele, had passed away on August 20, 2004. By letter, the office of Plaintiff's attorney sought a stay in this proceeding to allow plaintiff a reasonable period of time to obtain new representation. Nearly a year later, on August 16, 2005, Magistrate Judge Susan D. Wigenton ordered that the parties appear for a status conference on

**NOT FOR PUBLICATION**

October 3, 2005, and directed Plaintiff to either appear on her own behalf or with new counsel. During the period between her former counsel's death and October 3, 2005, Plaintiff took no steps to prosecute her case.

Plaintiff failed to appear at the October 3, 2005 Status Conference ordered by Magistrate Judge Wigenton. On that same day, Magistrate Judge Wigenton issued an Order to Show Cause setting a hearing for November 30, 2005 to determine why Plaintiff's complaint should not be dismissed for lack of prosecution. Plaintiff appeared without counsel on November 30, 2005 at the Order to show Cause hearing, and explained to Magistrate Judge Wigenton that she was attempting to find an attorney to take her case. Based on Plaintiff's representations, Judge Wigenton ordered that Plaintiff retain counsel by January 30, 2006 or proceed pro se. Magistrate Judge Wigenton further ordered the parties to appear for another status conference on February 6, 2006.

No formal appearance was made by an attorney for Plaintiff by January 30, 2006, and Plaintiff failed to appear for the scheduled status conference on February 6, 2006. At that conference, MVM moved for dismissal pursuant to Fed. R. Civ. P. 41(b). Magistrate Judge Wigenton issued a second Order to Show Cause why plaintiff's complaint should not be dismissed for lack of prosecution and set a hearing for March 16, 2006. Plaintiff failed to appear for that Order to Show Cause hearing.

Based on Plaintiff's conduct, and on the oral motion of Defendant, Magistrate Judge Wigenton issued a Report and Recommendation on March 16, 2006 recommending that this Court dismiss plaintiff's case based on her failure to prosecute. Plaintiff was given until March

**NOT FOR PUBLICATION**

30, 2006 to respond to the Court's Report and Recommendation, but no response was received. Magistrate Judge Wigenton's Report and Recommendation found that the factors noted in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), weigh in favor of dismissing the case. On April 7, 2006, this Court adopted Magistrate Judge Wigenton's Report and Recommendation and dismissed the case with prejudice.

On January 3, 2007, Plaintiff wrote a letter to this Court requesting that her Complaint be reinstated because she claimed that the Court had not recorded her correct address and that she had not received the Court's correspondence regarding the dismissal of her case. On January 10, 2007, MVM wrote a letter to the Court opposing Plaintiff's request to reinstate her Complaint. On January 12, 2007, Plaintiff wrote a second letter to this Court requesting reinstatement of her Complaint.

On April 23, 2007, this Court held a hearing to address Plaintiff's claim that she had not received notification of the dismissal of her Complaint. At the hearing, this Court granted Plaintiff's motion to vacate the Court's April 7, 2006 Order dismissing the case and allowed this case to proceed with discovery.

On May 8, 2007, Magistrate Judge Falk issued a letter order pursuant to L. Civ. R. 16.1, requiring the parties to submit, no later than June 4, 2007, an estimate of the time needed to complete discovery and to advise the Court whether the parties intended to add parties, amend pleadings, or make dispositive motions. On June 4, 2007, MVM submitted a proposed discovery plan to the Court and served it on Plaintiff at the two addresses Plaintiff has provided. Plaintiff did not submit her proposed discovery plan to the Court nor served any documents to MVM.

**NOT FOR PUBLICATION**

On October 4, 2007, MVM served Plaintiff with a first set of interrogatories and first set for production of documents. Plaintiff's responses were due on November 8, 2007. To date, Plaintiff has not responded to discovery requests nor communicated with either MVM or this Court seeking extensions of time or explaining her lack of response. On November 21, 2007, MVM filed its motion to dismiss for lack of prosecution and served copies of that motion to Plaintiff's two addresses on record. To date, Plaintiff has not responded to that motion.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 41(b) allows for dismissal when a plaintiff fails to prosecute his claim.[1] The trial court has wide discretion in determining whether dismissal under Rule 41(b) is appropriate. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988). The Supreme Court has recognized the importance of this discretionary function in order to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). At the same time, the Court is aware of the Third Circuit admonition that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and

---

[1] Rule 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

**NOT FOR PUBLICATION**

are to be reserved for [such] cases." Poulis, 747 F.2d at 867-68 (citing Nat't Hockey League v. Metro. Hockey Club, Inc., 247 U.S. 639 (1976)).

The Third Circuit has established a list of factors, derived from Poulis, for a district court to consider when confronted with a motion to dismiss pursuant to Fed. R. Civ. P. 41(b):

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 (3d Cir. 1994) (citing Poulis, 747 F.2d at 868). Using these guidelines, the Court will analyze each factor, keeping in mind that they "[do] not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

**DISCUSSION**

It is important to note that this Court had entered an order dismissing this case for lack of prosecution on April 7, 2006. On April 24, 2007, his Court vacated that order of dismissal on Plaintiff's testimony that because she had moved, she did not receive notice of any scheduled hearings or that Order. After this Court had reinstated her Complaint, Plaintiff was well-warned that any further failure to prosecute this case would result in dismissal of her Complaint.

**NOT FOR PUBLICATION**

The record shows that MVM served Plaintiff with their discovery requests and this motion to dismiss at Plaintiff's two mailing addresses.  The record also shows that Plaintiff failed to comply with Magistrate Judge Falk's May 8, 2007 letter order pursuant to L. Civ. R. 16.1 and failed to respond to MVM's discovery requests and this motion to dismiss.  After having received ample opportunity and warnings to respond, Plaintiff continually failed to prosecute this case.  MVM, on the other hand, have met every deadline and attended every hearing.  As to the first Poulis factor, the Court finds that Plaintiff is responsible for all the delays in this case.

As to the second Poulis factor, MVM is prejudiced by Plaintiff's continued refusal to prosecute her case and failure to comply with discovery requests and court orders.  Prejudice may be presumed when there is unreasonable delay.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2370 (2d ed. 1995).  MVM first served its discovery requests on Plaintiff in 2004.  Plaintiff never responded.  MVM served Plaintiff with substantially the same requests on October 4, 2007.  Again, Plaintiff did not respond.  MVM is unable to prepare a defense or prepare for trial without information and participation from Plaintiff.  The prejudice suffered by MVM as a result of Plaintiff's conduct weighs in favor of dismissal.

As to the third Poulis factor, the record shows that Plaintiff has a history of dilatoriness in prosecuting this case.  While Plaintiff's counsel's death in the fall of 2004 was unfortunate, the Court granted Plaintiff significant time, nearly a year, to locate new counsel and required the parties to attend a several status conferences.  Plaintiff failed to appear in most of status conferences.  Despite the Court's vacating its Order of Dismissal on April 24, 2007, and granting Plaintiff another opportunity to pursue her case, Plaintiff failed to comply with discovery

**NOT FOR PUBLICATION**

requests and failed to oppose this motion to dismiss. Plaintiff's history of dilatoriness favors dismissal.

As to the fourth Poulis factor, MVM argues that Plaintiff's conduct is wilful but not in bad faith. The Court agrees. After the Court had dismissed the Complaint for lack of prosecution on April 7, 2006 and reinstated the Complaint on April 24, 2007, Plaintiff was well-warned of the consequences of any further failure to prosecute her case. The record shows that after Plaintiff informed the Court of her new mailing address, MVM and this Court ensured that Plaintiff would receive notice of any orders, discovery requests and motions at her two mailing addresses. The Court finds that Plaintiff's failure to prosecute this case is wilful.

As to the fifth Poulis factor, having once dismiss the case for failure to prosecute and warning Plaintiff about the possibility of dismissal, the Court finds that dismissal is the only appropriate sanction.

The last Poulis factor requires the Court to examine the meritoriousness of Plaintiff's Complaint. This requires the Court to determine whether "the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. Although Plaintiff's complaint is bare of specific factual allegations, it appears that she is alleging a violation of Title VII by Defendant for discriminatory termination and failure to promote based on her race and gender. Considering Plaintiff's pleading on its face, the Court cannot say that her claims are without merit.

This Court is required to balance the above six factors, and no one factor is determinative. See Poulis, 747 F.2d at 868-70 (upholding dismissal based only on two factors). On the whole,

**NOT FOR PUBLICATION**

the <u>Poulis</u> factors strongly point to dismissal in this case.  An analysis of the first five <u>Poulis</u> factors favors dismissal.  Indeed, only the possible meritoriousness of Plaintiff's claim weighs in favor of Plaintiff, and that factor alone is not sufficient to prevent dismissal.  After carefully weighing and balancing the <u>Poulis</u> factors, the Court concludes that it is appropriate to dismiss Plaintiff's complaint.

## **CONCLUSION**

Accordingly, the Court grants MVM's motion to dismiss with prejudice.

January 29th, 2008                  <u>**s/William H. Walls**           </u>
                                                           United States Senior District Judge